UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CRYSTAL G.,[1]

               Plaintiff,

      v.                                21-CV-00122-LJV
                                             DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____


On January 22, 2021, the plaintiff, Crystal G. ("Crystal"), brought this action under the Social Security Act ("the Act"). Docket Item 1. She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2] *Id.* On December 16, 2021, Crystal moved for judgment on the pleadings, Docket Item 8; on May 9, 2022, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 9; and on June 20, 2022, Crystal replied, Docket Item 10.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Crystal applied for Supplemental Security Income ("SSI"), which is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive both Disability Insurance Benefits ("DIB") and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court grants Crystal's motion in part and denies the Commissioner's cross-motion.[3]

## <u>STANDARD OF REVIEW</u>

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

## DISCUSSION

### I.    ALLEGATIONS

Crystal argues that the ALJ erred in two ways.  Docket Item 8-1.  First, she argues that the ALJ erred by failing to reconcile the RFC[4] with the opinion of a state agency review examiner, S. Juriga, Ph.D., *see id.* at 8-12, an opinion the ALJ found to be "persuasive," *see* Docket Item 6 at 27-28.  Second, she argues that the ALJ inadequately addressed the supportability and consistency factors when evaluating the opinion of a consultative examiner, Stephen Farmer, Psy.D.  *See id.* at 12-16.  This Court agrees that the ALJ erred and, because that error was to Crystal's prejudice, remands the matter to the Commissioner.

### II.    ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  But that does not mean that the RFC needs to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision."  *Matta*, 508 F. App'x at 56.  As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not error.  *See* 20 C.F.R. § 416.945; *see also Cichocki v.*

---

[4] A claimant's residual functional capacity ("RFC") "is the most [she] can still do despite [her] limitations . . . in an ordinary work setting on a regular and continuing basis."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*

*Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

Dr. Juriga assessed Crystal's mental residual functional capacity as a part of the disability determination.  *See* Docket Item 6 at 53-59.  Dr. Juriga found that Crystal was moderately impaired in all four areas of work-related mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing herself. *Id.* at 54.  Dr. Juriga attributed Crystal's difficulties to her "alcohol use disorder only being in [the] very early stages of remission, cognitive deficits, panic disorder with agoraphobia, and depression symptoms."  *Id.*  And Dr. Juriga concluded that Crystal "could sustain simple work in a low contact setting."  *Id.* at 55.

In finding the opinion "persuasive," the ALJ determined that Dr. Juriga's findings were

> consistent with and supported by the medical evidence as a whole, which showed that [Crystal] complained of a history of trouble learning and alcohol abuse, that she reported experiencing anxiety, loss of energy, trouble concentrating, and trouble completing tasks due to mental impairment, and that she presented as anxious with impaired concentration and below[-]average-to-borderline cognitive ability in a consultative examination, but also showed that she consistently presented as well-groomed, oriented, and cooperative with a[n] euthymic mood, intact cognitive abilities, an intact memory, and a logical thought process in treatment records, and that she could prepare meals and bake goods, groom herself, wash laundry, shop, take public transportation, perform general cleaning, attend religious services each week, and care for her four children despite her alleged limitations.

*Id.* at 28.  The ALJ further determined that "[w]hile this evidence supports some adaptive limitation and production rate pace limitation as well, this evidence otherwise generally supports the level of limitation opined here by Dr. Juriga."  *Id.*

Crystal argues that the ALJ failed to account for Dr. Juriga's specific findings about Crystal's ability to interact with supervisors and accept instruction and criticism. *See* Docket Item 8-1 at 10.  In this regard, Dr. Juriga found "evidence of [a] moderate limitation in interacting adequately with supervisors, co-workers, and the public," Docket Item 6 at 54, and Dr. Juriga found Crystal "moderately limited" in her "ability to accept instructions and respond appropriately to criticism from supervisors," *id.* at 58.[5]  But while the RFC limited Crystal to only occasional interaction with co-workers and no interaction with the general public*, see id.* at 25, it included no limitation for interacting with supervisors, *id.*[6]

What is more, the ALJ did not explain the absence of such a limitation or even address Crystal's ability to accept criticism or interact with supervisors in any way.  So this Court has no way of knowing whether—and, if so, why—the ALJ rejected the specific opinion about Crystal's issues with supervisors; or accepted it and, for some reason that this Court cannot discern, thought that the RFC accounted for it; or simply

---

[5] Another consultant, Stephen Farmer, Psy.D., agreed that Crystal had a moderate limitation in interacting adequately with supervisors.  Docket Item 6 at 208. That made it even more important for the ALJ to address that limitation in some way.

[6] Moreover, the ALJ's hypothetical to the vocational expert ("VE") did not include a limitation for interacting with supervisors, and the VE testified that a claimant who could not interact with supervisors would be unemployable.  *See* Docket Item 6 at 42-45.  That omission compounded the ALJ's error, as "[a] hypothetical question that does not present the full extent of a claimant's impairments cannot provide a sound basis for vocational expert testimony."  *Slattery v. Colvin*, 111 F. Supp. 3d 360, 375 (W.D.N.Y. 2015).

missed it altogether.  And without an explanation of some sort, omitting an important limitation in an opinion the ALJ found to be persuasive leaves this Court unable to perform meaningful review.  *See Cichocki*, 729 F.3d at 177 ("Where [courts] are 'unable to fathom the ALJ's rationale in relation to the evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ,' [courts] will not 'hesitate to remand for further findings or a clearer explanation for the decision.'" (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982))).

In sum, without a limitation in the RFC accounting for Crystal's difficulties in interacting with supervisors, or without some explanation of why no limitation was necessary, the ALJ's decision did not provide the necessary bridge between his conclusions and the RFC.  *See Rucker v. Kijakazi*, 48 F.4th 86, 91-92 (2d Cir. 2022) (holding that an RFC without a formal limitation on the claimant's ability to interact with supervisors did not account for moderate difficulties in accepting instructions and responding appropriately to criticism from supervisors); *Laura C. v. Comm'r of Soc. Sec.*, 529 F. Supp. 3d 64, 72 (W.D.N.Y. 2021) ("Here, the ALJ engaged in no meaningful discussion of the limitations caused by Plaintiff's non-severe mental impairments in connection with assessing the RFC . . . [and] did not explain why she failed to incorporate Dr. Santarpia's opinion . . . despite giving that opinion 'great weight.'").  Remand therefore is necessary so the ALJ can make particularized findings about Crystal's ability to interact with—and accept instructions and criticism from— supervisors and thus ensure that the RFC accounts for any limitations.[7]

---

[7] The Court "will not reach the remaining issues raised by [Crystal] because they may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*,

## CONCLUSION

The Commissioner's motion for judgment on the pleadings, Docket Item 9, is DENIED, and Crystal's motion for judgment on the pleadings, Docket Item 8, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:       June 5, 2023
             Buffalo, New York

_/s Lawrence J. Vilardo_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

350 F.3d 1297, 1299 (10th Cir. 2003); *see Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).